# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS, II,<br><br>      Plaintiff,<br><br>   v.<br><br>DARRELL ADAMS, et al.,<br><br>      Defendants. | Case No. 1:13-cv-00621 AWI DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Earnest Cassell Woods, II ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on April 29, 2013. He names over 18 Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C.

1  § 1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader

3  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

6  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to

7  'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual

8  allegations are accepted as true, legal conclusions are not. Id.

9       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

10 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

11 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

12 Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or

13 omissions of each named defendant to a violation of his rights; there is no respondeat superior

14 liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

15 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

16 Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim

17 for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

18 The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.

19 at 678; Moss, 572 F.3d at 969.

20 **B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

21      Plaintiff states that he is currently incarcerated in California State Prison, Solano. The

22 majority of events occurred while he was incarcerated at California State Prison, Corcoran

23 ("Corcoran").

24      Plaintiff alleges that on October 19, 2007, he was transferred to Corcoran to be placed in the

25 Secured Housing Unit ("SHU"). He alleges that the SHU placement was based on a memorandum

26 dated April 16, 2007, regarding Title 15 of the California Code of Regulations, section

27 3341.5(c)(9)(K). Plaintiff contends that this violated his Fourteenth Amendment right to due process

28 because the regulation was not officially promulgated until January 1, 2011. He alleges that

Defendant Chrones and Defendant Junious were involved in the adoption of the new rule. Defendant Junious also deprived Plaintiff of his right to file a complaint. Plaintiff wrote a letter to Defendant Adams to complain about the Classification Hearing and the application of section 3341.5(c)(9)(K).

Plaintiff also alleges that his SHU term, allegedly based on section 3341.5(c)(9)(K), violated the Ex Post Facto Clause because it made the punishment for a crime greater than when it was committed. He believes that his SHU term was created with "false entries in a document with the intent to impede an investigation. . ." in retaliation for Plaintiff's exercise of his First Amendment rights to file prison grievances and to pursue civil litigation. Compl. 6.

Plaintiff further alleges that his SHU transfer denied him a post-Board of Prison Hearings ("BPH") Classification hearing. Plaintiff attended a BPH on October 4, 2007, but he did not receive a mandatory post-BPH hearing. Plaintiff also never received the transcripts from the hearing, which prevented him from filing a habeas action. Plaintiff contends that this violated his First and Fifth Amendment rights to self-representation. He also contends that the Classification Hearing committee placed an "R" suffix on his classification chrono, placing him in imminent danger, even though they knew that he had not been convicted of a sex crime.

Plaintiff further contends that the SHU placement violated the Eighth Amendment because the transfer denied Plaintiff access to a physician capable of evaluating his medical needs. Prior to the transfer, Plaintiff had received a medical hold based on the completion of a special course of treatment. He contends that the medical hold was erroneously written for 30 days, though the course of treatment was for 90 days.

After these allegations, Plaintiff simply lists numerous administrative appeals, beginning in 2007, that comprise many additional claims. The Court will summarize the appeals by citing the date of the appeal and the issues involved, as follows:

October 20, 2007- Corcoran staff refused to adhere to doctor's orders and failed to give him his medication. Defendant J. Robinson also wrote a false report to impede further investigation.

October 24, 2007- Corcoran staff impeded Plaintiff's right to free exercise of religion under the First Amendment when he was denied a kosher meal. Defendants S. Folks, D. Leon and R.

Manuel all wrote false reports to impede further investigation.

November 4, 2007- Defendant Hasadsri wrote the wrong prescription and deliberately ended Plaintiff's special course of treatment.[1]

November 25, 2007- Plaintiff spoke with Defendant Scott before his October 24, 2007, classification hearing,[2] but he was denied an opportunity to prepare for the hearing and to present witnesses or evidence, in violation of the Fourteenth Amendment. Defendant Scott wrote a false report to conceal these facts and impede the investigation.

January 10, 2008- Defendants denied Plaintiff his First Amendment right to access the Court and access the law library.

February 24, 2008- evidence used in the SHU placement was illegal. Defendants Briggs, Junious, Scott, Selvy and Allen knew that the SHU placement was fraudulent.

February 28, 2008- Defendant Nichols denied Plaintiff an opportunity to attend a Classification Hearing.

March 12, 2008- Defendant Nichols wrote a false report to conceal facts and impede an investigation. This appeal was rejected to prevent exhaustion and to deny access to the courts.

March 28, 2008- Defendants retaliated against him by refusing to issue his BPH transcripts. Plaintiff did not receive the transcripts until six months after the transcripts were issued.

July 1, 2008- Defendants prevented Plaintiff his First Amendment right to free exercise of religion by preventing him from wearing his Kippah at all times. Defendants Meraz and Phillips wrote false reports to conceal the facts and impede the investigation.

August 30, 2008- Defendants retaliated against Plaintiff by breaking his typewriter and therefore preventing access to the courts. Defendant Cano rejected the appeal to prevent exhaustion.

November 12, 2008- Plaintiff was sent back to Corcoran on October 29, 2008, and was denied his kosher meal.

November 15, 2008- Defendants denied access to the law library and impeded his access to the courts.

---

[1] Plaintiff also alleges that on November 6, 2007, Defendant Bonduc wrote another wrong prescription, but this does not appear to be included in any appeals.

[2] Plaintiff cites both October 4, 2007, and October 24, 2007, as the date of the Classification Hearing.

4

March 5, 2009- Defendants violated the Eighth Amendment by making Plaintiff sleep on the floor in the Corcoran SHU rotunda when he returned from court. Plaintiff believes that this was done in retaliation for filing a civil suit because there were numerous beds available.

March 24, 2009- Defendants refused to process his appeal to prevent exhaustion.

March 24, 2009- Defendant Mora stole, confiscated or destroyed Plaintiff's religious books, business plan and addresses of Jewish synagogues. The property was destroyed without a hearing and Plaintiff was transferred to California Men's Colony without property. He was also transferred to New Folsom for a jury trial, but did not have his property. Judge Karlton was forced to call Corcoran to get Plaintiff's property.

May 18, 2009- Defendants denied Plaintiff's First Amendment right to send and receive mail when they destroyed his legal mail and refused to send Plaintiff a copy of his legal mail log. The appeal was rejected to prevent Plaintiff from exhausting.

July 14, 2009- Defendants Rangel and Mora confiscated Plaintiff's property without a hearing and in retaliation for filing inmate grievances and pursuing civil litigation.

July 2009- California Men's Colony staff confiscated his Sony television and CD player in retaliation for his civil suit.

December 8, 2009- Defendants again denied Plaintiff his right to send and receive mail. Plaintiff had a video-hearing with Judge Karlton on December 8, 2009, and was informed of orders that he had not received.[3]

**C.   DISCUSSION**

  1.   Rules 18 and 20

While it is possible to include numerous causes of action against numerous defendants in a single complaint, (1) the claims must arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there must be common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

---

[3] Plaintiff further explains that he attended a jury trial on February 10, 2009, but he did not receive Defendants' filings prior to trial. He states that he was denied access to the law library for months prior to trial.

5

Here, Plaintiff purports to bring this action for alleged wrongs covering a time span of over two years and against a myriad of Defendants. His alleged wrongs include First Amendment retaliation, denial of access to the courts under the First Amendment, free exercise of religion under the First Amendment, mail issues under the First Amendment, due process related to SHU placement, due process related to property deprivation, Eighth Amendment conditions of confinement and Eighth Amendment deliberate indifference to a serious medical need.

It is clear from Plaintiff's allegations that not all of the included events are properly joined in this action. Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members at different prisons. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and he is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

2.  Linkage and Rule 8

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v.

1  City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

2        Similarly, a complaint must contain "a short and plain statement of the claim showing that
3  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell
6  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter,
7  accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at
8  555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

9        Many of Plaintiff's allegations are simply made against "Defendants."  While he specifies
10 Defendants in some allegations, he fails to do so in others.  Without clarification, the Court cannot
11 determine which Defendants are linked to which alleged deprivations and thus cannot adequately
12 screen the complaint.

13       Plaintiff also attaches over 330 pages of exhibits.  The Court will not go through Plaintiff's
14 exhibits in an attempt to clarify his claims.  It is Plaintiff's responsibility to make his claims clear
15 and concise.

16       Plaintiff will be permitted to file an amended complaint.  His amended complaint **must**
17 comply with Rules 8, 18 and 20.  Plaintiff's amended complaint must link each named Defendant to
18 an alleged wrong.  Until Plaintiff files a proper amended complaint, the Court will not guess as to
19 which substantive claims Plaintiff intends to set forth.

20 **D.**   **CONCLUSION AND ORDER**

21       Plaintiff's complaint fails to state a claim upon which relief may be granted under section
22 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint, as
23 Plaintiff may be able to cure some of the deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th
24 Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446,
25 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated
26 claims in his amended complaint.  George, 507 F.3d at 607.

27       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
28 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **December 4, 2013**                    /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE