1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| EARNEST CASSELL WOODS, II, | Case No. 1:13-cv-00621 AWI DLB PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) BE REVOKED, AND PLAINTIFF BE ORDERED TO PAY FILING FEE |
| DARRELL ADAMS, et al., | |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

12

13

14

15

16

17        Plaintiff Earnest Cassell Woods, II ("Plaintiff"), a state prisoner proceeding pro se and in

18    forma pauperis, filed this civil rights action on April 29, 2013.  On May 30, 2013, the Court granted

19    Plaintiff's application to proceed in forma pauperis.

20        Plaintiff filed a First Amended Complaint on January 6, 2014.  The complaint is currently

21    awaiting screening.

22    **A.        THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

23        28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n

24    no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more

25    prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

26    of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

27    a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

28    physical injury."  28 U.S.C. § 1915(g).

1

**B.     DISCUSSION**

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that he does not meet the imminent danger exception.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff's complaint covers events from 2007 through 2009, and includes claims for retaliation, due process violations related to a SHU term, Eighth Amendment deliberate indifference to a serious medical need, violation of the First Amendment based on failure to provide a religious diet and violation of the First Amendment based on Defendants' mail policy.  None of Plaintiff's claims suggest that he is in imminent danger of serious physical injury at the time he filed his complaint.

Based on the foregoing, the Court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee.[2]

**C.     RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that:

1.     Plaintiff's in forma pauperis status be REVOKED pursuant to 28 U.S.C. § 1915(g);

2.     The Court's order entered on May 30, 2013, which granted Plaintiff leave to proceed in forma pauperis and directed the CDCR to make payments for the filing fee from Plaintiff's prison trust account, be VACATED; and

3.     Plaintiff be required to pay the $400.00 filing fee for this action in full within thirty days of the date these Findings and Recommendations are adopted.

---

[1] The Court takes judicial notice of the following cases which count as strikes: (1) Woods v. Carey, 3:05-cv-01157-MJJ (N.D. Cal.) (dismissed on May 31, 2005, for failure to state a claim); (2) Woods v. Carey, 2:05-cv-00049-MCE-DAD (E.D. Cal.) (dismissed on January 26, 2006, for failure to state a claim); (3) Woods v. Marshall, 2:11-cv-08554-UA-OP (C.D. Cal.) (in forma pauperis status denied, and case dismissed, on January 26, 2012, for failure to state a claim).

[2] To date, the Court has not received any payment for Plaintiff's filing fee in this case.  The filing fee for this action is $350.00 plus a $50.00 administrative fee.  28 U.S.C. § 1914.  The $50.00 administrative fee does not apply to persons granted in forma pauperis status.  Id.  Therefore, Plaintiff now owes a $400.00 filing fee.

1    These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

3   days after being served with these Findings and Recommendations, Plaintiff may file written

4   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7   1153 (9th Cir. 1991).

8   IT IS SO ORDERED.

9
        Dated:    **May 19, 2014**                            /s/ Dennis L. Beck
10                                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3