**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS, II,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL ADAMS, et al.,<br><br>Defendants. | Case No. 1:13-cv-00621 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) BE REVOKED<br>(Document 15)<br><br>ORDER VACATING ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Document 9)<br><br>ORDER REQUIRING PLAINTIFF TO PAY $400 FILING FEE WITHIN THIRTY-DAYS |

Plaintiff Earnest Cassell Woods, II ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 29, 2013. On May 30, 2013, the Court granted Plaintiff's application to proceed in forma pauperis.

Plaintiff filed a First Amended Complaint on January 6, 2014. The complaint is currently awaiting screening.

On May 20, 2014, the Court issued Findings and Recommendations that Plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g). The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within twenty-one days. Plaintiff filed objections on June 9, 2014.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Insofar as Plaintiff states that he was labeled as a sex offender, even though he was not convicted of a sex crime, this is insufficient to establish that he was in imminent danger of serious

physical injury at the time the complaint was filed. In his complaint, Plaintiff states that this placed him in "imminent danger," though he does not provide any additional facts.[1] Moreover, the actions complained of occurred between 2007 and 2009. The exception only applies if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury at the time of filing. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." Id. at 1056.

Plaintiff next argues that he was denied treatment for his severe gastro-esophageal disease while he was in the SHU. Again, however, the relevant time period in the complaint was 2007-2009. While Plaintiff may have been denied treatment during that time period, it does not follow that Plaintiff was in imminent danger at the time he filed his complaint in April 2013.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 20, 2014, are ADOPTED in full;
2. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);
3. The Court's order entered on May 30, 2013, which granted Plaintiff leave to proceed in forma pauperis and directed the CDCR to make payments for the filing fee from Plaintiff's prison trust account, is VACATED; and
4. Plaintiff is required to pay the $400.00 filing fee for this action in full within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   June 30, 2014                           _____
                                                 SENIOR  DISTRICT  JUDGE

---

[1] Plaintiff filed a First Amended Complaint on January 6, 2014. However, for purposes of 1915(g), Prisoners qualify for the imminent danger exception based on the alleged conditions *at the time the complaint was filed*. Andrews, 493 F.3d at 1052.